UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| Alfred E. SHALLOWHORN,<br><br>                           Plaintiff,<br><br>v.<br><br>R. LOPEZ, et al.,<br><br>                           Defendants. | Case No.: 23-cv-1273-AGS-KSC<br><br>**ORDER DISMISSING SECOND AMENDED COMPLAINT (ECF 9) WITHOUT LEAVE TO AMEND, DENYING AS MOOT OTHER MOTIONS (ECF 12 & 13), AND CLOSING CASE** |
|---|---|

After his third unsuccessful bite at the apple, the second amended complaint of incarcerated pro se plaintiff Alfred E. Shallowhorn is dismissed without leave to amend.

**A.   Standard of Review**

In conducting the required screening of Shallowhorn's complaint, the Court must dismiss any portion that is frivolous, malicious, fails to state a claim, or seeks damages from immune defendants. *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

**B.   Shallowhorn's Allegations**

The second amended complaint alleges the same basic facts as in previous iterations, with a few additional details that nudge it no closer to stating a claim. Specifically, Shallowhorn alleges:

In 2015, after working in the unsanitary prison kitchen, Shallowhorn was diagnosed with "H. pylori, a bacterial infection." (ECF 9, at 9.) He blamed defendant Officer Lopez, to whom he gave several prison forms alleging discrimination, bias, and racial prejudice— but Lopez threw these away in violation of prison rules. (*Id.*) Later Lopez wrote Shallowhorn up for refusing to serve lunch outside. (*Id.* at 10.) At the disciplinary hearing, presided over by defendant Officer Castillo, Shallowhorn "agree[d]" to "only" 30 days' loss of yard privileges with the understanding that he "won't be put back in kitchen (verbal agreement)." (*Id.* at 11–12.) Years later, after finding himself again assigned to culinary

1 | duty in October 2022, he persuaded the officer in charge there to excuse him from work
2 | until he could secure reassignment. (*Id.* at 12–14.)  But on November 22, 2022, Lopez was
3 | covering for that accommodating officer, and when plaintiff declined to do kitchen work—
4 | citing the arrangements he had made—Lopez wrote him up for refusing his assignment.
5 | (*Id.* at 15–17.) Shallowhorn disputes that he had any obligation to do such work because
6 | there was no "signed consented agreement" to do so. (*Id.* at 19.) He claims that Lopez
7 | brought the charge as an act of racial discrimination and "in retaliation from [the] 2015
8 | incident." (*Id.* at 16–18.) Shallowhorn claims this resulted in his being wrongfully deprived
9 | of custody credits, which caused physical, mental, and emotional stress and anxiety. (*Id.*
10 | at 20–21.) He further alleges Lopez then conspired with two other officers to harass him
11 | for filing grievances, which resulted in his also being "found guilty" of "possession of
12 | alcohol" and losing further privileges and credits. (*Id.* at 22–23.)

13 | According to Shallowhorn, defendant Officers Din, Castillo, and Mosely were
14 | obliged to correct these violations of his rights but failed to do so, due to his status as "a
15 | class of one convicted of a crime." (*Id.* at 29–30.) In finding Shallowhorn guilty, Din should
16 | have "address[ed] the procedural requirements" for work assignments. (*Id.* at 25.) Mosely
17 | declined to reduce or expunge the work-refusal charge, saying Shallowhorn "didn't provide
18 | any evidence" of the 2015 "verbal agreement." (*Id.* at 31–32.) Finally, defendant warden
19 | Guzman should have interceded after Shallowhorn wrote him a complaint letter. (*Id.*
20 | at 32–33.) This all "caused" Shallowhorn "physical harm" when he went on a "hunger
21 | strike" to protest these perceived injustices. (*Id.* at 23–24.)

22 | **C.    Discussion**

23 | Presented with no new material factual allegations, the Court is largely left to
24 | recapitulate its earlier conclusions. Most of Shallowhorn's grievances stem from his claim
25 | that it was "illegal" for him to be expected to work without signing a "workers agreement,"
26 | so his write-up and subsequent discipline were wrongful. (*See* ECF 9, at 16–17.) But
27 | "a prisoner does not have a constitutional right to be free from wrongfully issued
28 | disciplinary reports." *Buckley v. Gomez*, 36 F. Supp. 2d 1216, 1222 (S.D. Cal. 1997). And

Shallowhorn received at least one hearing on this issue (*see* ECF 9, at 25); "federal due process protections are contained in the ensuing disciplinary proceedings themselves." *Gadsden v. Gehris*, No. 20-cv-0470-WQH-DEB, 2020 WL 5748094, at *8 (S.D. Cal. Sept. 25, 2020). Furthermore, there was at least "some evidence" to support a guilty finding on charges of refusing to work and possessing alcohol, and Shallowhorn has not argued otherwise. *See Superintendent v. Hill*, 472 U.S. 445, 457 (noting that even "meager" evidence can suffice). Most importantly, Shallowhorn still does not plausibly allege denial of procedural due process, since he does not identify a protected liberty interest that was at stake, or any missing procedural protection under *Wolff v. McDonnell*, 418 U.S. 539, 564–71 (1974). (*See* ECF 5, at 4–6.) Likewise, no substantive-due-process claim is stated by the bare allegation that prison regulations were applied in a manner contrary to an inmate's interpretation of them. (*See id.* at 6–7.)

To the extent Shallowhorn seeks to revive the Eighth Amendment conditions-of-confinement claim from his original complaint, it again fails. He claims he was subjected to: unsanitary work conditions that resulted in a 2015 bacterial infection; disciplinary reports and actions he believes were motivated by racial prejudice; disrespect of his right to refuse a work assignment; false charges of possessing alcohol; and the loss of custody credits, yard time, and other prison privileges. (*See* ECF 9, at 20–24.) None of these meet the objective test—"deprivations of basic human needs" or "the minimal civilized measure of life's necessities." *See Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Nor has Shallowhorn plausibly alleged that an official acted in a way that meets the subjective test of "deliberate indifference" to inmate health and safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); (*see also* ECF 5, at 7–8).

And Shallowhorn again fails to state an equal-protection claim, since he has not alleged membership in a protected class. (*See* ECF 5, at 8.) Shallowhorn alleges only that he is "a class of one convicted of a crime." (ECF 9, at 30.) "[N]either prisoners nor persons convicted of crimes constitute a suspect class for equal protection purposes." *United States v. Whitlock*, 639 F.3d 935, 941 (9th Cir. 2011). And a "class of one" claim—if that's instead

what he means to allege—requires allegations of being "intentionally treated differently from others similarly situated" with no "rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Shallowhorn claims prison rules provide for a "tier[ed]" system of punishments of increasing severity, and seems to accuse Mosely of unfairly skipping to the harshest one—thereby "treating plaintiff []different to" other inmates disciplined for "kitchen related or work related incidents." (ECF 9, at 31.) Even if Mosely did treat him differently, Shallowhorn does not plausibly allege there was no rational basis to do so. Shallowhorn even relates Mosely's stated reasoning that "there is no mandate of any certain order of discipline." (*Id.*)

D.   **Disposition and Denial of Leave to Amend**

Based on the foregoing, the Court dismisses the complaint for failure to state a claim. A district court may deny leave to amend due to a plaintiff's "repeated failure to cure deficiencies by amendments previously allowed." *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). After being advised twice of the precise deficiencies in his pleading, Shallowhorn only added immaterial factual details that did nothing to address its root infirmities. Shallowhorn was cautioned that if he failed "yet again" to state a claim, his case could be dismissed. (*See* ECF 8, at 2.) This has come to pass.

## CONCLUSION

The second amended complaint is **DISMISSED** without leave to amend. Shallowhorn's other motions (ECF 12 & ECF 13) are **DENIED AS MOOT**. The Clerk is directed to issue a judgment and to close this case.

The Clerk must send Shallowhorn a copy of the Court's previous two orders, at ECF 5 and ECF 8, when sending this order.

Dated:  April 4, 2024

Andrew G. Schopler
United States District Judge